UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS C. HOLLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 21-04974 EJD (PR)<br><br>**AMENDED ORDER DISMISSING NON-COGNIZABLE CLAIMS AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the officials and employees at San Quentin State Prison ("SQSP") where he is currently incarcerated, officials of the California Department of Corrections and Rehabilitation ("CDCR"), and officials at another prison. Dkt. No. 1. On November 8, 2021, the Court screened the complaint and found it stated a cognizable Eighth Amendment deliberate indifference claim regarding unsafe conditions at SQSP. Dkt. No. 9 at 8. The Court also dismissed some claims and granted leave to amend with respect to others or, in the alternative, to file notice that he wishes to proceed on the cognizable Eighth Amendment claim and strike all other claims from the complaint. Id. at 9. Plaintiff was advised that if he did not file an amended complaint in the time provided, i.e., twenty-eight days from the date the order was filed, the action would proceed on the cognizable

claims. Id. at 10.

The deadline has passed, and Plaintiff has filed no response. Accordingly, this matter shall proceed solely on the cognizable Eighth Amendment and the deficient claims shall be dismissed for failure to state a claim. Id.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In its Order of Dismissal with Leave to Amend, the Court found the complaint stated the following cognizable claim:

> Based on the remaining allegations, the complaint states an Eighth Amendment deliberate indifference claim against unsafe conditions at SQSP. See Farmer, 511 U.S. at 832, 834. This claim shall proceed against the named individuals who were involved in the decision to transfer [Chino State Prison] based on the following allegations: (1) inmates who were already exposed to COVID-19 were not tested prior to their transfer out of [Chino State Prison]; (2) these potentially infected inmates were transported to SQSP in conditions that did not comply with recommended social distancing protocols, increasing the likelihood of further spread; (3)

2

[Chino State Prison] inmates were exposed to the SQSP population without additional safety protocols in place; and (4) the failure by SQSP to properly quarantine infected inmates during the outbreak resulted in Plaintiff contracting COVID-19 and suffering its ill effects within one month after the transfer.

Dkt. No. 9 at 8. Accordingly, this action shall proceed on this Eighth Amendment claim against the relevant Defendants.

The Court already dismissed the following claims as non-cognizable: (1) damage claims against Defendants in their official capacity as barred by the Eleventh Amendment; (2) negligence claim for failure to provide masks, implement social distancing, and failure to provide separate hot-water bib at the start of the pandemic; and (3) the claim regarding the transfer of North Kern inmates. Dkt. No. 9 at 9. Plaintiff was given leave to amend with respect to a deficient claim regarding inhumane conditions in the yard due to lack of toilets and for inadequate medical and dental care, but he has failed to do so. See supra at 2. Accordingly, the claim regarding inhumane conditions in the yard is DISMISSED with prejudice for failure to state a claim.

The Court also notes that the only factual allegation against Defendant Gavin Newsom is that he was aware of the transfers and failed to take prudent action to keep prisoners safe. Dkt. No. 1 at 12. However, without any factual allegations indicating how Defendant Newsom was involved and therefore aware of the planned transfer, this allegation is conclusory. There is no indication that the Governor of California was involved in the day-to-day affairs of the CDCR, much less the decision to transfer one group of inmates from one prison to another. Accordingly, there being no cognizable claims against him, Defendant Newsom shall be dismissed from this action.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.  This action shall proceed on the cognizable Eighth Amendment claim described above. See supra at 2-3. All other claims are **DISMISSED with prejudice**

3

from this action for failure to state a claim. Furthermore, **Defendant Gavin Newsom** shall be **DISMISSED** from this action as there are no cognizable claims against him.

    2.    The following defendants shall be served at SQSP, the CDCR, or Chino State Prison:

    a.    **Kathleen Allison, Director of the CDCR**
    b.    **Ralph Diaz, Secretary of the CDCR**
    c.    **Ron Davis, Associate Director of Reception Centers for the CDCR**
    d.    **Ron Broomfield, Acting Warden of SQSP**
    e.    **Dr. A. Pachynski, Chief Medical Officer at SQSP**
    f.    **Dr. L. Escobell, Chief Medical Officer at Chino State Prison**
    g.    **R. Steven Tharratt, Director of Medical Services for the CDCR**
    h.    **Clarence Cryer, Healthcare Chief Executive Director at SQSP**
    i.    **Dean Borders, Warden of Chino State Prison**
    j.    **Dr. Joseph Bick, Director of CCHCS for the CDCR**

**Defendant Clark Kelso** shall be separately served as directed under paragraph (3) below. See infra at 5.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No.1, a copy of the court's "Order of Dismissal with Leave to Amend," Dkt. No. 9, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to

waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.    **Defendant Clark Kelso, Federal Receiver** shall be served through the Litigation Support Section of the California Correctional Health Care Services.  The clerk is directed to serve on Defendant Kelso **via email at HCLitigationSupport@cdcr.ca.gov**, the following documents: the operative complaint, and any attachments thereto, Dkt. No.1, a copy of the court's "Order of Dismissal with Leave to Amend," Dkt. No. 9, this order of service, and a summons.

4.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

5

**warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See* *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: January 21, 2022

EDWARD J. DAVILA
United States District Judge